IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTER DIVISION

MICHAEL EUGENE WIX,              )
                                 )
        Plaintiff,               )
                                 )
VS.                              )        No. 1:15-cv-1002-JDT-egb
                                 )
MEDICAL STAFF BCCX (BLEDSOE      )
COUNTY CORRECTIONS), ET AL.,     )
                                 )
        Defendants.              )
_____

SECOND ORDER DIRECTING PLAINTIFF TO COMPLY
WITH 28 U.S.C. § 1915(a)(2) OR PAY THE $400 CIVIL FILING FEE
_____

On January 5, 2015, Plaintiff Michael Eugene Wix, Tennessee Department of

Correction prisoner number 120387, who is incarcerated at the West Tennessee State

Penitentiary in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. §

1983. (ECF Nos. 1.) However, Plaintiff neglected to submit either the $400 civil filing

fee required by 28 U.S.C. §§ 1914(a)-(b) or an application to proceed *in forma pauperis*.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b), a

prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1]

_____

[1]Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he
clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the
United States." The Judicial Conference ha prescribed an additional administrative fee of $50 for filing any civil
case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma
pauperis* under 28 U.S.C. § 1915. Thus, if Plaintiff is granted leave to proceed *in forma pauperis*, he will not be
liable for the additional $50 fee.

Although the obligation to pay the fee accrues at the moment the case is filed, <u>see McGore v. Wriggleworth</u>, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id*. At 604. However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a certification by the prison trust account officer and a copy of his trust account statement for the last six months. § 1915(a)(2).

The Court issued on order on January 6, 2015, directing Plaintiff to submit, within 30 days, either the entire $400 filing fee or an *in forma pauperis* motion and a copy of his inmate trust account statement for the last six months, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b). (ECF No. 3.) On January 26, 2015, the Plaintiff submitted a motion to proceed *in forma pauperis*, (ECF No. 4), however, the affidavit did not contain a certification by the prison trust account officer and was not accompanied by a copy of Plaintiff's trust account statement. Accordingly, Plaintiff is ORDERED to submit, within thirty (30) days after the date of this order, either the entire $400 civil filing fee or an *in forma pauperis* affidavit containing a certification by the trust account officer and a copy of his trust account statement for the last six months. The Clerk is directed to provide Plaintiff with a copy of the prisoner affidavit form along with this

order.  If Plaintiff needs additional time to file the required documents, he may request one thirty-day extension of time from this Court.  McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997).

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of only $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if the Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis,* assess the entire $400 filing fee without regard to the installment payment procedures, and dismiss the action without further notice, under Fed.R.Civ.P. 41(b), for failure to prosecute.  McGore, 114 F.3d at 605.[2]

IT IS SO ORDERED.

**s/James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2]Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee.  McGore, 114 F.3d at 607; see also In re Alea, 286 F.3d 378, 381 (6th Cir. 2002).